NEW ROCHELLE TRUST COMPANY, Plaintiff, *v.* WILLIAM R. WHITE, as Superintendent of Banks of the State of New York, and THE CITY OF NEW ROCHELLE, Defendants.

Third Department, January 10, 1940.

*Seacord, Ritchie & Young* [*Albert Ritchie* of counsel], for the plaintiff.

*John J. Bennett, Jr., Attorney-General,* and *Henry Epstein, Solicitor-General* [*John C. Crary, Jr., Assistant Attorney-General,* of counsel], for the defendant Superintendent of Banks.

*Aaron Simmons, Corporation Counsel,* for the defendant City of New Rochelle.

*William H. Emerson, Corporation Counsel* [*Clarence M. Platt, Deputy Corporation Counsel,* of counsel], for the City of Rochester, *amicus curiæ.*

*James C. Tormey, Corporation Counsel* [*Arthur M. Beach, Assistant Corporation Counsel,* of counsel], for the City of Syracuse, *amicus curiæ.*

*Hiscock, Cowie, Bruce & Lee* [*George W. Lee* of counsel], for the First Trust & Deposit Co., *amicus curiæ.*

HILL, P. J. This controversy is submitted pursuant to sections 546–548 of the Civil Practice Act on an agreed statement of facts. The plaintiff seeks a judgment establishing the constitutionality of a resolution adopted by the council of the city of New Rochelle on February 3, 1936, and a portion of a local law approved by the electors of the city in 1929, providing that city funds be deposited only in banks or trust companies approved by the council, and which had furnished either surety bonds or other securities to an amount of not less than $100,000 as security for the protection and repayment of the deposits. Plaintiff, among other banks, was named in the resolution as a depositary and required to give security amounting to $150,000. It furnished the required security and since February, 1936, has had an average daily balance of $300,000 of city funds, which, it is stipulated, is a profitable deposit for plaintiff and one which it wishes to retain. The Superintendent of Banks has required plaintiff to repossess these securities upon the ground that banking is a matter of public interest to be controlled by statutes enacted by the Legislature and that the City Home Rule provisions of the Constitution and statutes passed thereunder give no jurisdiction in the premises to the legislative bodies of cities.

The Legislature has enacted general laws requiring that the public funds of the State and of counties be secured. (State Finance Law, § 8; County Law, § 145.) Before January 1, 1939, special and local laws could only be enacted by the Legislature

after receiving an emergency message from the Governor and by a concurrent resolution of two-thirds of the members of each House. Acting thereunder, the Legislature passed laws of local application requiring that security be given for funds deposited in banks by the city of Buffalo (Laws of 1933, chap. 605, amdg. Buffalo city charter, § 114) and by the city of Jamestown (Laws of 1938, chap. 616, amdg. Jamestown city charter, § 77). The opinion in the Court of Appeals in *State Bank of Commerce* v. *Stone* (261 N. Y. 175) discusses the statutes which have been enacted (p. 186): "Whatever doubt there may have been regarding the power of banks to secure the deposits of public moneys has been removed by statute. [Citations, including Greater New York Charter.] An act of the Legislature was evidently thought necessary, even as to public moneys, to enable banks to pledge certain securities for undertakings or deposits."

Assuming a law has been enacted by a governmental agency having constitutional authority, its validity is determined by the subject-matter. The local laws as to security for Buffalo and Jamestown deposits were passed by the State Legislature, it and the Governor acting under an alternative provision of the Cities' Home Rule article of the Constitution. The local legislative bodies had concurrent power to pass these laws, and they were not more constitutional because enacted by the State Legislature than they would have been if enacted by the local authorities.

Cities were authorized " to adopt * * * local laws not inconsistent with the Constitution and laws of the State, relating to * * * the * * * care, management and use of its * * * property " (former Const. art. 12, § 3) and the Legislature was denied the right to " pass any law relating to the property, affairs or government of cities, which shall be special or local either in its terms or in its effect " except after receiving a message from the Governor " declaring that an emergency exists," and then only by the concurrent action of two-thirds of the members of each House. (Former Const. art. 12, § 2.) The procedure followed by the Legislature in passing the Buffalo and Jamestown local laws classified the subject-matter as affecting the care and management of city property concerning which the State Legislature and the local authorities had concurrent jurisdiction.

The power of local legislative bodies was broadened in the new Constitution (Art. 9, § 12) and that of the Legislature correspondingly curtailed.

A statute enacted by the State Legislature gains no additional constitutionality from its source over similar legislation enacted by local authorities acting within the scope of their powers. Power to legislate is granted by the Constitution. Laws passed by local

Legislatures acting within the powers granted them do not differ from those passed by the Legislature under constitutional grant of power. The jurisdiction formerly enjoyed by the Legislature of the State has been bestowed, under the new Constitution, except as earlier mentioned, upon the local authorities, and as the constitutionality of legislation requiring security for city deposits has been approved (*State Bank of Commerce* v. *Stone, supra*), the acts under consideration are valid.

Plaintiff is entitled to judgment.

HEFFERNAN, SCHENCK and FOSTER, JJ., concur; BLISS, J., dissents, in an opinion.

BLISS, J. (dissenting). Statutory authority is necessary to enable a bank to pledge its assets as security for deposits of public moneys. (*State Bank of Commerce* v. *Stone*, 261 N. Y. 175.) The plaintiff claims that such authority is to be found in section 132 of the Charter of the City of New Rochelle, adopted by the electors of that city in 1929 under the City Home Rule Law. The State Superintendent of Banks replies that the granting of such authority is vested in the Legislature and is not within the power of the city to confer by local law.

Section 132 of the New Rochelle Charter does not purport to give any bank power to pledge its assets as security for deposits of public moneys. It merely restricts the city treasurer to depositing city funds in such approved banks as shall have furnished either surety bonds or deposited securities in escrow as security for the protection of the city funds. By resolution the city council approved as depositaries of city funds four New Rochelle banks and one bank in New York city. The charter section does not grant directly, or by implication, authority to banks either within or without the city of New Rochelle, to pledge assets as security for deposits of city moneys.

But if we assume, for argument's sake, that such an attempted grant of power might be found in section 132 by inference, it was not within the ability of the city to bestow. The State Constitution denies to the Legislature power to grant a special charter for banking purposes, and says that corporations or associations may be formed for such purposes under general laws. (State Const. art. 10, § 3, formerly art. 8, § 4.) It is plain from the language of this provision that the granting of banking powers to a corporation is a function of the Legislature. Section 132 of the New Rochelle City Charter does not comply with section 3 of article 10 of the State Constitution, for it is not a granting of banking powers by a general law.

It is doubtful if even the most enthusiastic advocate would argue that the city might, by local law, grant power to banks generally throughout the State, whether located within or without the city, to pledge their assets to secure that city's deposits. Here the city of New Rochelle has attempted to confer upon a few banks, one of them located in New York city, a power not enjoyed by State banks generally.

The city and bank contend that the City Home Rule Law which authorizes a city to pass local laws for the transaction of its business and the care of its property is ample authority for the city, by local laws, to empower a bank to pledge a portion of its assets as security for the city's deposits. What the city may ask of a bank with which it contemplates doing business is one thing, but what the bank on its part may do toward meeting the requirements of the city is quite another. Banks are State institutions and banking is a matter of statewide concern. The depositors of the plaintiff and other banks which have been designated as city depositaries unquestionably are not all inhabitants of the city of New Rochelle. Protection of all of the depositors of a bank is a matter of deep public interest and the maintenance of public confidence in and solvency of banking institutions is of vital concern to the entire State. It is a matter not within the power of a city to regulate by local law. The powers of banks and the manner in which they should conduct their business are essentially and constitutionally matters for State regulation rather than the concern of one city alone. It is for the Legislature to say whether the rights of the remaining depositors, both large and small, and all other persons dealing with a bank shall be jeopardized by permitting the institution to pledge part of its assets to one of its depositors to the exclusion of all others. Such action is not within the jurisdiction of a city under home rule even though it would protect the property of the city by creating a preference in its favor. It is essentially a delegation of banking powers which must be made by the State to the corporation and is not within the language or real meaning of the City Home Rule provisions of the Constitution and statutes. They contain no indication that a city may charter or broaden the corporate powers of a bank. These have been accepted as State legislative functions for many years, and the rule in this regard should not be changed without a clear mandate from the People. Nor is it necessary that this be now read by implication into the law in order to afford adequate protection of city funds, for under the very local laws here in question this bank may furnish a surety bond and thus be entitled to receive the desired profitable deposit.

The same contention as that now urged by the city and bank was made in the case of *City of Mount Vernon* v. *Mount Vernon Trust Co.* (270 N. Y. 400), where the city had, by a local law, amended its charter to provide that any depositary of city funds should furnish a surety bond for the deposits or pledge with the city certain security for such deposits. The Court of Appeals said that the effect of the pledge of securities covering the deposit was *ultra vires* as to both the city and the bank. It thus frowned upon exactly what the city of New Rochelle says it has attempted to do in the instant case.

I dissent and vote to render judgment in favor of the defendant Superintendent of Banks.

Judgment granted in favor of the plaintiff, without costs.